IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TONY NOWLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00351 |
| | ) | |
| CARGILL, INCORPORATED, a | ) | JURY TRIAL DEMANDED |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Cargill, Inc. ("Cargill"), expressly reserving all rights otherwise to respond to this lawsuit, hereby removes the above-captioned case, which was filed in the Circuit Court of Montgomery County, Missouri, Case No. 21AA-CC00003, to the United States District Court for the Eastern District of Missouri.  This case is being removed to this Court because, based on the allegations asserted in the Petition, there is complete diversity of citizenship between the parties and more than $75,000 is in controversy. As grounds for removal, Cargill respectfully states as follows:

## PROCEDURAL HISTORY

1.     On January 20, 2021, Plaintiff Tony Nowlin ("Plaintiff") commenced this civil action in the Circuit Court of Montgomery County, Missouri, styled *Tony Nowlin v. Cargill, Incorporated*, Case No. 21AA-CC00003, alleging that on January 13, 2020, he visited Cargill's facility in Montgomery City, Missouri, and that ice and/or snow had been allowed to accumulate in the parking lot and sidewalk in front of the facility, which created a dangerous condition, and as a result of this dangerous condition, Plaintiff suffered an injury to his right shoulder (requiring past medical intervention and future medical treatment) and limiting his ability to work and enjoy

life.  Plaintiff's alleged damages in the Petition did not explicitly meet the federal jurisdictional amount in controversy threshold.

2.      Cargill was served with the Summons and Petition on January 29, 2021.

3.      Plaintiff sent to Cargill a settlement demand ("Other Paper") on or about February 18, 2021, which set forth a settlement demand above $75,000.00.   A copy of the settlement demand is not attached, but Defendant can submit supporting documents to support Defendant's allegation that the $75,000 threshold amount in controversy has been reached if required.  *See Downward v. Dollar Tree Stores, Inc.,* No. 4:15-CV-1365 CAS, 2015 WL 7428542 (E.D. Mo., Nov. 23, 2015) (Denying Plaintiff's Motion to remand following a discussion of Section 1653).

4.      Removal is timely under 28 U.S.C. § 1446(b).  Cargill has filed this Notice of Removal within thirty (30) days of when it was presented with an "Other Paper" setting forth a demand above $75,000.00.  *See Hoffmann v. Empire Machinery & Tools Ltd.,* Case No. 4:10-CV-00832-NKL, 2010 WL 11619084 (W.D. Mo., Dec. 7, 2010); *Recovery Management Corp. v. Commerce and Industry Insurance Co.,* Case No. 13-00998-CV-W-GAF, 2013 WL 12142589 (W.D. Mo. Dec. 11, 2013).

5.      Removal to this Court is proper because the Eastern District of Missouri, Eastern Division is the district embracing the place (Montgomery County, Missouri) where the action was filed.  *See* 28 U.S.C. § 1441(a).

6.      As required by 28 U.S.C. § 1446(a), Cargill has attached to this Notice, as Exhibit 1 hereto, "a copy of all process, pleadings, and orders served upon" it, which comprise the complete state court file.

7.      As discussed above and as set forth more fully below, this Court has jurisdiction over this action under 28 U.S.C. §§ 1332 and 1446(b) because (1) there is complete diversity of citizenship between the named plaintiffs and the named defendant, (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, (3) Cargill has satisfied all necessary procedural requirements, and (4) removal of this action is not prohibited by 28 U.S.C. § 1445.

## BASIS FOR REMOVAL

8.      Title 28 U.S.C. § 1441(a) controls the circumstances in which a party may remove a state civil action to a United States District Court, and provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

9.      Pursuant to 28 U.S.C. § 1332(a), United States District Courts maintain original jurisdiction of all civil actions between citizens of different States where the matter in controversy exceeds the sum of $75,000.

### A.      Diversity of Citizenship is Satisfied.

10.      As alleged in the Petition, Plaintiff is a resident and citizen of the State of Missouri. (*See* Petition, Ex. 1, ¶ 1.)

11.      For purposes of removal, a corporation is a citizen of the state in which it is incorporated and has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77; 130 S.Ct. 1181, 1192-93 (2010).  The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which typically will be found at its corporate headquarters. *Id.*

12.     Cargill, Inc. is a corporation established under the laws of Delaware, with its headquarters and principal place of business in Minnesota.  (*See generally* Petition, Ex. 1, ¶ 2.)[1]

13.     Therefore, no defendant is a citizen of Missouri.  *See Hertz*, 559 U.S. at 93 (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

14.     Accordingly, the requisite diversity of citizenship exists.  *See* 28 U.S.C. § 1332(c).

**B.     The Amount in Controversy Requirement is Satisfied.**

15.     In his Petition, Plaintiff alleges that as a result of Cargill's purported failure to take reasonable steps, it allowed the accumulation of ice and/or snow in the parking lot and sidewalk in front of Cargill's Montgomery City facility, Plaintiff sustained injury.  (Petition, Ex. 1, ¶ 12.) Plaintiff also alleges that, as a result, he incurred past medical expenses and will require future medical expenses, as well as past and future lost wages, and that he has loss of enjoyment of life. (*Id.*)

16.     To this end, Plaintiff has separately represented, for the first time on February 18, 2021, incurring over $69,000 in medical expenses and over $34,000 in lost wages relating to the alleged "incident", which expenses and lost wages he seeks to recover as damages in this lawsuit. (*See id.*)

17.     Based on the foregoing alleged damages, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).  *See, e.g., Downard v. Dollar Tree Stores, Inc.*, No. 4:15-CV-1365 CAS, 2015 WL 7428542, at \*4 (E.D. Mo. Nov. 23, 2015) (concluding that amount in controversy was satisfied "based on the nature and

---

[1] Defendant notes that Cargill, Inc. is established under the laws of Delaware and it has its headquarters and principal place of business in Wayzata, Minnesota.  The same shall be separately certified pursuant to Federal Rule of Civil Procedure 7.1 and this Court's Local Rule 2.09.

extent of the injuries alleged in plaintiff's Petition, the medical expenses incurred so far of almost $40,000 with additional expenses expected, and lost wages of $2,500 with additional lost wages expected"); *Johnson v. Texas Roadhouse Holdings, LLC*, No. 4:10CV36 CDP, 2010 WL 4177655, at *2 (E.D. Mo. Oct. 20, 2010) (holding that amount in controversy was satisfied where plaintiff alleged "serious injuries and extensive damages," such as "a fractured vertebrae in her spine along with multiple herniated/bulging disks" and also had sent a demand letter for $200,000); *Ward v. Sailormen, Inc.*, No. 4:06CV1814 JCH, 2007 WL 1040934, at *2 (E.D. Mo. Apr. 3, 2007) (denying motion to remand where plaintiff alleged she "suffered serious and permanent injuries"; "had to expend money for necessary medical care, services, and treatment in excess of $20,300.00, and [would] be required to do the same in the future"; and had "made a demand for settlement in the amount of $100,000.00").

18.     Removal is therefore appropriate in this case.

## FILING OF REMOVAL PAPERS

19.     Upon filing this Notice of Removal, Cargill will file a Notice of Filing Notice of Removal (attaching a copy of this Notice of Removal) with the Circuit Court of Montgomery County, Missouri.  A copy of said Notice to the Clerk will be electronically filed.

20.     Likewise, on this date, Cargill will serve via mail and e-mail a Notice to Plaintiff, stating that a Notice of Removal to the United States District Court for the Eastern District of Missouri, Eastern Division, was filed, and serving a copy of this Notice of Removal upon Plaintiff. A copy of said Notice to Plaintiff will be electronically filed.

21.     Attached hereto as Exhibit 2, is a pending Motion for Change of Venue (to Warren County), which was not served upon Defendant, which has not been adjudicated by the State Court, and in any event, this federal court captures Warren County.

22.     Under the provisions of 28 U.S.C. § 1441 and all applicable statutes, all of which Cargill has complied with, this case is removed to the United States District Court for the Eastern District of Missouri, Eastern Division.

## CONCLUSION

For the foregoing reasons, Defendant Cargill Incorporated removes this action from the Circuit Court of Montgomery County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division; respectfully requests that no further proceedings be had in the Circuit Court of Montgomery County, Missouri, Case No. 21AA-CC00003; and prays for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

DATED: March 19, 2021          By:     /s/ Sonette T. Magnus
                                       Sonette T. Magnus, #68606MO
                                       600 Washington Avenue, Suite 2500
                                       St. Louis, Missouri 63101
                                       Telephone:  (314) 444-7744
                                       Facsimile:  (314) 612-7744
                                       smagnus@lewisrice.com

                                       *Attorneys for Defendant*
                                       *Cargill, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March 2021, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Further, I certify that a true and accurate copy of the foregoing was also e-mailed and deposited with the United States Postal Service on this 19th day of March 2021 from 600 Washington Avenue, Suite 2500, St. Louis, Missouri, with first-class postage prepaid, and properly addressed for delivery, to:

Mark J. Evans
BLEY & EVANS, L.C.
1000 W. Nifong Blvd.
Bldg. 4 – Ste. 200
Columbia, MO 65203
evans@bleyevanslaw.com

/s/ Sonette T. Magnus

7